889 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas W. McSHERRY, Plaintiff-Respondent,
v.
Louis N. GIANNUZZI and the Rawlplug Company, Inc.,
Defendants-Petitioners.
 Misc. No. 258.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1989.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Louis N. Giannuzzi and the Rawlplug Company, Inc. (Giannuzzi) petition for permission to appeal from the order, entered July 18, 1989, of the United States District Court for the Southern District of New York certified as one involving a controlling question of law as to which there is substantial ground for difference of opinion and from which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. Sec. 1292(b), (c). Thomas W. McSherry opposes the petition.
 
 
 2
 Briefly, while McSherry was working for a certain company he invented the "C6" plastic wall anchor which he disclosed to the company pursuant to their agreement. After he left the company, Giannuzzi applied for and was issued patents for a plastic wall anchor designated "Polytoggle." After the company began manufacturing and marketing Polytoggle, McSherry initiated an interference between his C6 patent application and Giannuzzi's patents. He asserted in the interference proceeding that he was the sole first inventor of the anchor. The Board awarded priority of invention to Giannuzzi and this court affirmed.
 
 
 3
 McSherry later filed suit in district court to have his name added to Giannuzzi's patents as a joint inventor of the Polytoggle. The district court subsequently denied Giannuzzi's motion for summary judgment on the ground that the doctrine of res judicata did not bar McSherry from bringing the district court action. The district court also certified for immediate appeal the issue of "impact of a claim of sole inventorship in an interference proceeding upon a subsequent claim of joint invention."
 
 
 4
 We decline to exercise our discretionary jurisdiction in this case. The issue involved here can be presented, if appropirate, on review after final judgment.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 Giannuzzi's petition for permission to appeal is denied.*
 
 
 
 *
 Judge Newman would grant the petition for permission to appeal